# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NUMBER: 8:07-cr-21-T-23TGW <br> USM NUMBER: 49205-018 |
| MICHELL GONZALEZ-NOY | Defendant's Attorney: Joseph Chambrot, ret |

THE DEFENDANT:

__X__ was found guilty on counts ONE and TWO after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1); 841(b)(1)(A)(vii); and 21 U.S.C. § 846 | Conspiracy to Manufacture at least but not more than 999 Marijuana Plants | January 10, 2007 | ONE |
| 21 U.S.C. § 841(a)(1); 841(b)(1)(B)(vii); and 18 U.S.C. § 2 | Manufacturing 100 or more Marijuana Plants | January 10, 2007 | TWO |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: October 29, 2007

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: October 29th, 2007.

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:   MICHELL GONZALEZ-NOY | Judgment - Page 2 of 5 |
| Case No.:    8:07-cr-21-T-23TGW | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **SIXTY (60) MONTHS** as to Counts One and Two, both terms to run concurrently.

__X__ The court makes the following recommendations to the Bureau of Prisons:  confinement at FCI Coleman, FL

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

                                                    _____
                                                    United States Marshal

                                          By:_____
                                                    Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | MICHELL GONZALEZ-NOY | Judgment - Page 3 of 5 |
| Case No.: | 8:07-cr-21-T-23TGW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIXTY (60) MONTHS** as to Counts One and Three, both terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

_X_  The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

_X_  **The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.**

_X_  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| Defendant: | MICHELL GONZALEZ-NOY | Judgment - Page 4 of 5 |
|---|---|---|
| Case No.: | 8:07-cr-21-T-23TGW | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200.00 | $ waived | $ |

    The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals: | $ | $ | |

\_   Restitution amount ordered pursuant to plea agreement  $ _____.

\_   The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    \_   the interest requirement is waived for the ___ fine  ___ restitution.

    \_   the interest requirement for the ___ fine  ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: MICHELL GONZALEZ-NOY | Judgment - Page _5_ of _5_ |
| Case No.: 8:07-cr-21-T-23TGW | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  _X_  Lump sum payment of $ **200.00** due immediately, balance due

　　　　___ not later than _____, or

　　　　___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_  The defendant shall pay the cost of prosecution.

_  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States: pursuant to the attached "Preliminary Order of Forfeiture" (Doc. 672), dated October 17, 2007.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 8:07-cr-21-T-23TGW

MICHELL GONZALEZ-NOY
_____/

**PRELIMINARY ORDER OF FORFEITURE**

The United States moves (Doc. 648) pursuant to 21 U.S.C. § 853 and Rule 32.2(b), Federal Rules of Criminal Procedure, for entry of a preliminary order of forfeiture, which, at sentencing, shall be a final order of forfeiture as to defendant Michell Gonzalez-Noy's interest in property subject to forfeiture. The United States has established the requisite nexus between the real property and the violations charged in counts one and two, and the jury found the defendant guilty of the offenses charged in counts one and two. Accordingly, the real property facilitated the manufacture of marijuana and is subject to forfeiture pursuant to 21 U.S.C. § 853.

The motion is **GRANTED**. All right, title, and interest of Michell Gonzalez-Noy in:

Real property located at 1100 Airport Road, Lakeland, Florida, which is legally described as follows:

Begin at the Northeast corner of the SE ¼ of the SW ¼ of Section 21, Township 28 South, Range 23 East, Polk County, Florida; run thence North 89 degrees 59'20" West 1020 feet for a Point of Beginning; continue thence North 89 degrees 59'20" West 139.40 feet to the right of way of Airport Road; thence South 20 degrees 32 minutes 00 seconds East along said

right of way 264.25 feet; thence East 41.95 feet; thence North 01 degrees 06'32" East 245.04 feet to the Point of Beginning.

AND

Begin at the Northeast corner of the SE ¼ of the SW ¼; run thence South along the East line of said SE ¼ of the SW ¼ 316.94 feet; thence South 89 degrees 55 minutes 30 seconds West 647.45 feet to the Point of Beginning; Continue thence South 89 degrees 55'30" West 384.89 feet to the right of way line of Airport Road; thence North 20 degrees 32'00" West along said right of way 97.49 feet; thence East 416.72 feet; thence South 01 degrees 29'30" East 90.82 feet to the Point of Beginning. Said property being in Section 21, Township 28 South, Range 23 East, all lying and being in Polk County, Florida.

Parcel Identification Number: 212823-000000-042120.

is **CONDEMNED** and **FORFEITED** to the United States of America for disposition according to law. The court retains jurisdiction to dispose of any third-party claim and to enter any order necessary for the forfeiture and disposition of the property.

ORDERED in Tampa, Florida, on October 17, 2007.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 2 -